J-A03038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROMAN S. AVADIAEV | : | |
| | : | |
| Appellant | : | No. 448 MDA 2020 |

Appeal from the PCRA Order Entered February 24, 2020
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0000931-2008

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:                **FILED MARCH 16, 2021**

Roman S. Avadiaev appeals from the order, entered in the Court of Common Pleas of Cumberland County, dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Counsel seeks to withdraw her representation on appeal pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).  Upon review, we affirm the PCRA court's order and grant counsel's motion to withdraw.

On January 22, 2009, following a jury trial before the Honorable Edward E. Guido, Avadiaev was convicted of statutory sexual assault,[1] involuntary

---

[1] 18 Pa.C.S.A. § 3122.1.

deviate sexual intercourse (IDSI),[2] indecent assault—complainant under 13,[3] corruption of minors,[4] rape of a child,[5] sexual assault,[6] IDSI with a child,[7] aggravated indecent assault,[8] indecent assault—complainant under 16,[9] and incest.[10]  On May 26, 2009, the trial court sentenced Avadiaev to an aggregate of 10 to 20 years' imprisonment.[11]  **See** Sentencing Order, 5/26/09, at 1.  On June 25, 2009, Avadiaev filed a direct appeal; this Court affirmed his judgment of sentence on August 4, 2010.  **See Commonwealth v. Avadiaev**, 1108 MDA 2009 (Pa. Super. filed Aug. 4, 2010) (unpublished memorandum

---

[2] 18 Pa.C.S.A. § 3123(a)(7).

[3] 18 Pa.C.S.A. § 3126(a)(8).

[4] 18 Pa.C.S.A. § 3122.1.

[5] 18 Pa.C.S.A. § 3121(c).

[6] 18 Pa.C.S.A. § 3124.1.

[7] 18 Pa.C.S.A. § 3125(a).

[8] 18 Pa.C.S.A. § 6301(a)(1).

[9] 18 Pa.C.S.A. § 3126(a)(7).

[10] 18 Pa.C.S.A. § 4302(b).

[11] Prior to sentencing, on May 4, 2009, Avadiaev filed a *pro se* pleading entitled "*Nunc Pro Tunc* Appeal For Ineffective Assistance Of Counsel."  The certified record does not contain any response by the trial court.  **But see** 42 Pa.C.S.A. § 9545(a) ("No court shall have authority to entertain a request for any form of relief in anticipation of the filing of a petition under this subchapter."); 42 Pa.C.S.A. § 9543(a)(ii) (petitioner eligible for relief under PCRA where counsel was ineffective).

decision).[12]  More than nine years later, on November 4, 2019, Avadiaev filed this instant *pro se* PCRA petition, alleging ineffective assistance of counsel. **See** *Pro Se* PCRA Petition, 11/4/19.  On November 14, 2019, the PCRA court appointed Katie J. Maxwell, Esquire to represent Avadiaev, granted her a period of 90 days to file an amended petition,[13] and scheduled a hearing for February 24, 2020 to address the issue of timeliness.  On February 24, 2020, following that hearing, the PCRA court dismissed Avadiaev's petition as untimely.  Avadiaev appealed, and, on March 10, 2020, the PCRA court ordered Avadiaev to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925.  On March 25, 2020, Attorney Maxwell filed a statement of intent to file a **Turner**/**Finley** "no-merit" letter "[a]t the appropriate time, when ordered by the Superior Court."  Intent To File a **Turner**/**Finley** Brief, 3/10/2020.  Consequently, on June 17, 2020, the PCRA Court issued an order and opinion pursuant to Pa.R.A.P. 1925 supporting affirmance of its denial of Avadiaev's PCRA petition.  **See** Trial Court Opinion, 6/17/20, at 1.

_____

[12] Avadiaev did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.  Instead, approximately four years later, on July 24, 2014, Avadiaev filed a Petition for Suspension of Act 84 Collections, which the trial court granted on September 30, 2014.  **See** Order, 9/30/14, at 1.  On May 7, 2018, the trial court vacated its September 30, 2014 order and authorized the Department of Corrections to resume Act 84 collections.  **See** Order, 5/7/18, at 1.

[13] Counsel did not file an amended petition.

By Order dated August 27, 2020, this Court, having received no brief on behalf of Avadiaev, remanded the case for 30 days for a determination as to whether counsel abandoned him. Order, 8/27/20. On August 31, 2020, the PCRA court scheduled a hearing for October 13, 2020. On October 27, 2020, this Court issued an order mandating the trial court to provide its findings as to abandonment within 14 days. On October 30, 2020, the trial court issued an order noting that "the failure to file the brief was the result of an oversight," and directed Attorney Maxwell to file a brief with this Court by November 13, 2020. On November 11, 2020, Attorney Maxwell filed a *Turner/Finley* "no-merit" letter with this Court. Avadiaev has not submitted any response to this Court.

Before reviewing the merits of Avadiaev's appeal, we must determine whether counsel has satisfied the procedural requirements for withdrawal from her representation. *See Commonwealth v. Walters,* 135 A.3d 589, 591 (Pa. Super. 2016). Our Supreme Court has stated that competent counsel must independently review the record before withdrawal shall be permitted. *Turner*, *supra*, at 928, citing *Pennsylvania v. Finley*, 481 U.S. 551, 558 (1987). Such independent review requires proof of: (1) a "no-merit" letter from PCRA counsel detailing the nature and extent of her review; (2) the "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed; and (3) PCRA counsel's explanation, in the "no-merit" letter, as to why the petitioner's issues are meritless. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009); *Commonwealth v. Rykard*, 55 A.3d 1177, 1184

(Pa. Super. 2012). Additionally, the PCRA or appellate court must independently review the record and agree that the petition was meritless. *See id.*

In *Commonwealth v. Friend*, this Court announced an additional prerequisite requirement for counsel seeking to withdraw in collateral proceedings:

> that PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed *pro se* or with the assistance of privately retained counsel.

*Id.* at 614.[14]

Here, counsel has substantially complied with the *Turner*/*Finley* and *Friend* requirements. Counsel has detailed the nature and extent of her review, served a copy of her petition to withdraw and brief upon Avadiaev, and informed him of his right to proceed *pro se* or with privately retained counsel.[15] Additionally, counsel raised Avadiaev's issues in the form of a brief

---

[14] This Court's holding in *Friend* was subsequently overruled on other grounds by the Supreme Court in *Pitts*. However, the additional requirement that counsel provide copies of the relevant documentation to the petitioner remains intact. *Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011).

[15] Avadiaev has not raised any additional issues, either *pro se* or through private counsel.

J-A03038-21

and explained why his claims are meritless.[16]  We now turn to an independent

review of the record to determine whether his claims merit relief.

_____

[16] In her **Turner**/**Finley** "no-merit" letter, Attorney Maxwell summarized her findings, in relevant part, as follows:

> It is counsel's professional opinion, formed after an exhaustive review of the record herein and the applicable law, that [Avadiaev's] appeal from the denial of petition seeking post-conviction relief is wholly lacking merit and is frivolous because the Court of Common Pleas was correct in determining that [Avadiaev's] PCRA petition was untimely.  Furthermore, the Court found that [Avadiaev] failed to plead any facts upon which an exception to the jurisdictional bar could find support.
>
> [Avadiaev]'s claim is that because the Commonwealth of Pennsylvania failed to provide him with effective counsel, he is entitled to relief under the PCRA.  Specifically, [Avadiaev] contends that . . . he was questioned by police on the night of his arrest without court[-]appointed counsel, the court denied him bail as a result of counsel's representation, and counsel refrained from having him testify and failed to object to evidence introduced at his January 23, 2009 hearing.  However, the Pennsylvania Supreme Court has already rejected this claim.  [Citing] **Commonwealth v. Robinson**, [139 A.3d 178 (Pa. 2016) (appellant alleging trial counsel's ineffectiveness for omitting meritorious issues and failing to consult with him on trial strategy not entitled to relief  where petition filed thirteen years after judgment of sentence became final and no exception to statutory time-bar invoked)].
>
> The case in **Robinson** is similar to the instant case in that [Avadiaev] has raised an ineffective assistance of counsel claim in his PCRA petition [several years after his judgment of sentence became final] without invoking one of the three PCRA time bar exceptions.  Here, [Avadiev] has failed to allege [that any one of the PCRA's time-limit exceptions applies to him].

No-Merit Letter, 11/11/20, at 4.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010) (citations omitted).

Pursuant to 42 Pa.C.S.A. § 9545(b)(1), a defendant must file a PCRA petition—including a second or subsequent petition—within one year of the date that his judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States, or when time for seeking such review expires. **Id.** at § 9545(b)(3). Pursuant to Pennsylvania Rule of Appellate Procedure 1113, a defendant shall file a petition for permission to appeal an order of the Superior Court within thirty days of the entry of such order. **See** Pa.R.A.P. 1113; **see also** Pa.R.A.P. 903. Accordingly, if a defendant does not file a petition for permission to appeal to the Supreme Court of Pennsylvania, his judgment becomes final thirty days after this Court affirms it. **See id.**

Moreover,

> It is well-settled that the PCRA's time restrictions are jurisdictional in nature. **Commonwealth v. Williams**, [105 A.3d 1234, 1239 (Pa. 2014)]; **Commonwealth v. Peterkin**, [722 A.2d 638, 641 (Pa. 1998)]. As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits. **Commonwealth v. Fahy**, [737 A.2d 214, 222 (Pa. 1999)]. Accordingly, the "period for filing a PCRA petition is not subject to the doctrine of equitable tolling;" instead, the time for filing a PCRA petition can be extended only by operation of one

- 7 -

of the statutorily enumerated exceptions to the PCRA time-bar. *Id.*

*Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The three statutorily enumerated exceptions to the PCRA's timeliness requirement include situations where:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* A petitioner alleging any of these exceptions must file his petition within one year of the date the petitioner could have first presented the claim. *Id.* at § 9545(b)(2)(i-iii).[17]

Here, Avadiaev's judgment of sentence became final on September 3, 2010—thirty days after this Court affirmed his judgment of sentence on August 4, 2010. Accordingly, for Avadiaev's petition to have been timely, he

_____

[17] On October 24, 2018, the General Assembly amended section 9545(b)(2), extending the time for filing a petition from 60 days to one year from the date the claim could have been presented. Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, effective in 60 days [Dec. 24, 2018] provides that the amendment of subsection (b)(2) by that Act shall apply to claims arising on December 24, 2017 or thereafter.

must have filed it on or before September 3, 2011—one year after the date his sentence became final.  **See id.**  The instant petition, nearly nine years later, is patently untimely.  **See** 42 Pa.C.S.A. § 9545(b)(1).  Moreover, Avadiaev has not attempted to plead and prove an exception to the PCRA's time-bar.

Specifically, in his *pro se* petition, Avadiaev asserted a claim of ineffectiveness based on defense counsel's recommendation that he not testify on his own behalf, allegedly sabotaging and overlooking pertinent parts of his defense; counsel's failure to present witnesses, allegedly preventing Avadiaev from receiving nominal bail; and counsel's failure to move to suppress the evidence contained in his blood report—all relating to his January 23, 2009 trial.  **See** Appellant's PCRA Petition, 11/4/19, at 2.  PCRA Petition, 11/4/19, at 2.  Avadiaev does not allege that the failure to raise the claim previously was the result of government interference, nor does he allege that these facts were unknown to him and could not have been exercised with due diligence, nor that his right to relief is a constitutional right held to apply retroactively.  **See id.**; **see also** 42 Pa.C.S.A. § 9545(b)(1).

Where Avadiaev's PCRA petition is patently untimely, and where he failed to plead and prove an exception to the jurisdictional time bar, the PCRA court was without jurisdiction to address the merits of Avadiaev's claims.  **See id.**; **see also Commonwealth v. Robinson**, 139 A.3d 178, 182 (Pa. 2016) (Table) ("couching post-conviction issues in terms of ineffectiveness cannot

'save' an untimely filed PCRA petition that does not fall into any of the exceptions to the PCRA's jurisdictional time bar").

Here, we agree with the PCRA court that Avadiaev's petition was patently untimely and that he failed to plead and prove an exception to the PCRA's time-bar. As this Court cannot address the merits of Avadiaev's appeal due to the jurisdictional time bar, the PCRA court properly dismissed his petition as untimely.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>03/16/2021</u>